2006R01088/ASL, RECIII

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Criminal No. 08-374 (JBS)

v. : 18 U.S.C. §§ 666(a)(1)(A), 666(a)(2), 1341, 1346 and 18 U.S.C. § 2

RAYMOND VELLA :

# INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

## COUNTS 1 to 5
(Scheme to Defraud the Public of Frank Rose's Honest Services, and of Money and Property)

1. At all times relevant to Count One of this Indictment:

    a. Defendant RAYMOND VELLA was a resident of Elizabeth, New Jersey, and was the owner of Pavel Construction, a construction and maintenance business based in Elizabeth, New Jersey.

    b. Frank Rose was the Field Representative for the City of Linden, New Jersey Neighborhood Preservation Program ("the Program"). The Program was part of the City of Linden Construction Code Department.

    c. The United States Department of Housing and Urban Development ("HUD") was a department within the executive branch of the United States government. HUD administered a number of

1

programs aimed at expanding home ownership and revitalizing neighborhoods and communities. Among such programs, HUD operated the Home Investment Partnership Program (the "HOME Program") and the Community Development Block Grant Program (the "CDBG Program") to help provide affordable housing and remedy substandard conditions in homes in participating jurisdictions. The City of Linden operated the Program which received funds from HUD through the HOME and CDBG Programs. The Program provided housing rehabilitation assistance to certain low or moderate income homeowners in the City of Linden. To receive such assistance, homeowners had to satisfy certain criteria and apply to the Program. If the Program approved a homeowner's application, the Program would determine the scope of the work to be performed, and would solicit bids from at least two contractors. The Program awarded the lowest bidder the contracting job.

    d.    As the Program Field Representative, Frank Rose, among other things: i) directed the Program; ii) ensured that homeowners were qualified for the Program; iii) solicited bids from contractors and determined which contractors were awarded contracting jobs; iv) ensured that the contractor performed the work consistent with the pertinent federal, state, and local regulations; and v) caused the Program to pay the contractor after the required work was performed with funds that the Program

2

received from HUD as described above.

e.  The City of Linden maintained a trust account for the benefit of the Program at Wachovia Bank which included HUD funds (the "Program Funds") used to pay Program contractors for contracting services (the "Program Account"). To provide the Program with the Program Funds, HUD first provided such funds to Union County, New Jersey. To pay defendant RAYMOND VELLA and the co-schemers described below for their Program contracting services, Frank Rose would then cause Union County to send checks to the City of Linden via United States mail for the benefit of the Program (the "Program Checks"). The City of Linden would then cause such checks to be deposited into the Program Account.

f.  Co-Schemer-1 was the owner of a construction and maintenance business based in Toms River, New Jersey.

g.  Venancio Ribeiro was the owner of a construction and maintenance business based in Newark, New Jersey.

h.  Co-Schemer-2 was the owner of a construction and maintenance business based in Clark, New Jersey.

i.  Walter Zawacki was the owner of Zawacki Construction, a construction and maintenance business based in Clark, New Jersey, and a business partner of Anthony Rose.

j.  Anthony Rose was a City of Linden supervisory employee, was a silent partner in Zawacki Construction and in Co-Schemer-1's construction and maintenance business based in Toms River,

New Jersey, and was Frank Rose's brother.

2. At all times relevant to Counts 1 to 5 of this Indictment, the City of Linden and its citizens had an intangible right to the honest services of their public officials and employees. As a public official and an employee for the City of Linden, pursuant to New Jersey law and his common law fiduciary obligations as a public trustee, Frank Rose owed the City of Linden and its citizens a duty to: (a) refrain from receiving bribes and corrupt payments designed to (i) improperly affect the performance of official duties or (ii) coax favorable official action or inaction; (b) to conduct the contractor selection process to provide housing and rehabilitation assistance fairly and openly and free from collusion and fraud; and (c) to disclose, and not conceal, personal financial interests and other material information in matters over which Frank Rose exercised and attempted to exercise official authority and discretion.

3. From in or about January 1998 to in or about December 2006, in the District of New Jersey and elsewhere, the defendant

RAYMOND VELLA

and others did knowingly and willfully devise and intend to devise a scheme and artifice to defraud the City of Linden, New Jersey and its citizens of the right to Frank Rose's honest services in the affairs of the City of Linden, New Jersey, and to obtain money and property by means of false and fraudulent

pretenses, representations and promises.

4. The object of this scheme and artifice to defraud was for defendant RAYMOND VELLA and others to secure Program contracting jobs from Frank Rose through corruption, collusion and material fraudulent misrepresentations and omissions.

5. It was part of this scheme and artifice to defraud that defendant RAYMOND VELLA and his co-schemers did regularly give and agree to give corrupt payments ranging from approximately $500 to $5,000 to Frank Rose (the "corrupt payments") in exchange for Program contracts.

6. It was a further part of this scheme and artifice to defraud that in exchange for the corrupt payments from defendant RAYMOND VELLA, Frank Rose and other co-schemers participated in fraudulently rigging the Program selection process for each contracting job that he awarded. To do so, for example, Frank Rose directed one co-schemer to submit a bid in a particular amount, and then directed another co-schemer to submit a bid in a higher amount. Through this process, defendant RAYMOND VELLA, Frank Rose and their co-schemers sought to make it appear as though each of the Program's winning bids were legitimately awarded to the lowest bidder.

7. It was a further part of this scheme and artifice to defraud that, as a result of the fraudulent bidding process discussed above, defendant RAYMOND VELLA was awarded

approximately 16 contracts by Frank Rose amounting to approximately $652,448 in construction services. In addition, through the fraudulent bidding process, Frank Rose awarded numerous Program contracts to defendant RAYMOND VELLA's other co-schemers.

8. It was a further part of this scheme and artifice to defraud that Frank Rose caused Union County to send Program Checks to the City of Linden, via United States mail, to fund the payments to defendant RAYMOND VELLA and other co-schemers for their Program contracting services.

9. On or about the dates set forth below, for the purpose of executing this scheme and artifice described above, and attempting to do so, in the District of New Jersey and elsewhere, defendant

RAYMOND VELLA

and others did knowingly and willfully place and cause to be placed in a post office and authorized depository for mail, and caused to be delivered by mail in accordance with directions thereon, the mail matter and things to be sent and delivered by the United States Postal Service described below, each constituting a separate count of this Indictment:

| Count | Approximate Date | Description of mailing |
|---|---|---|
| 1 | 11/5/03 | A Program Check, No. 90936, for approximately $36,000 from Union County, New Jersey to the City of Linden, New Jersey. |
| 2 | 10/21/04 | A Program Check, No. 111337, for approximately $36,000 from Union County, New Jersey to the City of Linden, New Jersey. |

6

| 3 | 6/16/04  | A Program Check, No. 104081, for approximately $124,075.91 from Union County, New Jersey to the City of Linden, New Jersey. |
| 4 | 3/31/05  | A Program Check, No. 120052, for approximately $108,327.89 from Union County, New Jersey to the City of Linden, New Jersey. |
| 5 | 11/30/05 | A Program Check, No. 134151, for approximately $106,094.11 from Union County, New Jersey to the City of Linden, New Jersey. |

In violation of Title 18, United States Code, Sections 1341 and 1346, and Title 18, United States Code, Section 2.

## COUNT 6
(Offering and Giving a Corrupt Thing of Value Involving a Local Government Receiving Federal Funds)

1.  Paragraphs 1 to 2 and 4 to 8 of Counts 1 to 5 of this Indictment are repeated and realleged as if set forth in full herein.

2.  The Program received federal assistance in excess of $10,000 during the relevant one-year periods.

3.  From in or about January 1998 to in or about December 2005, in the District of New Jersey and elsewhere, the defendant

### RAYMOND VELLA

did knowingly and willfully corruptly give, offer and agree to give things of value, namely corrupt cash payments, with intent to influence or reward an agent of a local government, namely Frank Rose, in connection with a business, transaction, and series of transactions of such government, involving a thing of value of $5,000 and more.

In violation of Title 18, United States Code, Section 666(a)(2) and Title 18, United States Code, Section 2.

8

## COUNTS 7 to 8
(Obtaining Property by Fraud Involving Federal Funds)

1. Paragraphs 1 to 2 and 4 to 8 of Counts 1 to 5, and Paragraph 2 of Count 6 of this Indictment are repeated and realleged as if set forth in full herein.

2. At all times relevant to this Indictment, defendant RAYMOND VELLA and Frank Rose, among others, were agents of the Program.

3. In or about the following years, in Union County, in the District of New Jersey and elsewhere, defendant

### RAYMOND VELLA

did knowingly and willfully embezzle, steal, obtain by fraud and without authority convert to his own, Frank Rose's and others' uses, and intentionally misapplied the following approximate amounts of money owned by and under the care, custody and control of the Program:

| Count | Year | Amount |
| --- | --- | --- |
| 7 | 2004 | $103,455 in construction services |
| 8 | 2005 | $91,400 in construction services |

In violation of Title 18, United States Code, Section 666(a)(1)(A) and Title 18, United States Code, Section 2.

A TRUE BILL

*[signature]*

CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY

CASE NUMBER: 2006R01088

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

RAYMOND VELLA

# INDICTMENT FOR VIOLATIONS OF:

18 U.S.C. §§ 666(a)(1)(A), 666(a)(2), 1341, 1346 and 18 U.S.C. § 2

A True Bill,

*Betty A. Dulp*
Foreperson

**CHRISTOPHER J. CHRISTIE**
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

RICHARD E. CONSTABLE, III
ADAM S. LURIE
*ASSISTANT U.S. ATTORNEY*
973-645-2749

USA-48AD 8
(Ed. 1/97)